**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RAYMOND BALESTRA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 2:18-cv-00804 |
| v. | ) | |
| | ) | |
| CLOUD WITH ME LTD., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

This action was referred to Magistrate Judge Lisa Pupo Lenihan for all pretrial proceedings, including but not limited to the making of a recommendation relative to the Defendant Asaf Zamir's ("Zamir") "Motion to Set Aside Default Judgment and Dismiss filed at ECF No. 29 ("Motion"). Magistrate Judge Lenihan issued a Report and Recommendation ("R&R") that recommended that the Motion be denied. ECF No. 35. Zamir timely filed Objections to the R&R, ECF No. 36, and the Plaintiff filed a timely response to those Objections, ECF No. 37. The matter is ripe for disposition. For the following reasons, all of the Objections are overruled, and the Motion is DENIED.

The undersigned has given thoughtful and careful consideration to the recommendations contained in the R&R, and as to the matters which are the subject of the Objections it has considered the matters *de novo*. Based on that consideration of the R&R, the Objections and the response to them, and the relevant papers of record, the undersigned concludes that in all respects, the recommendations of the R&R are correct, and the R&R is adopted as the Opinion of the Court.

In sum, the undersigned concludes that the Objections are not well taken. Specifically, the Objections do not support the conclusion advanced by the Objections that the Complaint and

relevant documents of record fail to sufficiently support the exercise of personal jurisdiction over Samir, or that there was a failure of sufficient service of process. Those matters are germane here, in that without them, Samir cannot advance a "meritorious defense" a central element of his effort to set aside the entry of default against him.

The Complaint demonstrates that Samir had responsibility for the operations and activities (including its failure to act) of the entity Defendant, "Cloud With Me Ltd." ("CWM") not simply by virtue of the position he held with CWM, but by virtue of his and CWM's affirmative representations of his critical and central role in its most significant decisions and activities, including the "initial coin offering" ("ICO") at the core of the claims in this action. Then, the Complaint demonstrates the CWM's and the actively participating Defendants', including Samir's, purposeful availment of the United States.

Judge Lenihan made specific reference to the reasonable inference of such intentional and purposeful availment from the combination of (a) the Defendants' affirmative intention to provide for the purchase of the involved "tokens" in North America and (b) the Defendants' disclaimer of registration or approval of such with the federal Securities and Exchange Commission, which plainly raises the fair inference that the Defendants determined that such disclaimer was necessary because it was anticipated that such purchases would occur not simply in "North America" but specifically in the United States. In addition, the Defendants' communications relative to the ICO made repeated references to transactions to be had and consummated, and fund equivalencies in, United States dollars, evidencing that anticipated engagement of United States investors. Taken the matters of record as a whole, including those reasonable inferences, the R&R's conclusion that there were sufficient contacts between the

actions of Samir and the United States was in the judgment of the undersigned correct. These portions of the Objections are overruled.

Samir also objects to the R&R's conclusion that personal jurisdiction in the United States could be exercised over him by asserting that the R&R reached that conclusion by simply charging him with the actions of CWM by virtue of his (Samir's) position with CWM. That misstates the reasoning of the R&R in such regards. To the contrary, while the R&R accurately concluded that his most senior and influential position with CWM was a relevant consideration, the R&R went on to focus on the alleged conduct of all of the Defendants coupled with the factual assertions of Samir's role in the decisions and actions of CWM. Such went not simply on his "status" with and within CWM, but also to the confluence of his position, its responsibilities, the unlawful conduct pled, and CWM's and Samir's own assertions as to his actual central involvement in the business conduct of CWM. As the R&R aptly stated, this is not simply an "attribution" of CWM's contacts to Samir by virtue of Samir's formal position with CWM, but an "acknowledgement" that by virtue of that confluence "all one and the same". R&R at 7. This portion of the Objection is overruled.

Finally, Samir contends that the R&R erred in concluding that there was valid and sufficient service of process upon him. Based on the undersigned's consideration of the matters of record, the R&R's conclusion that the service effected by mail consistent with the Federal Rules of Civil Procedure and The Hague Convention was valid and sufficient when made at the CWM business address then currently of record with the Companies Registration Office of Ireland was correct. Such service was lawful and valid, notwithstanding that a prior attempt at physical personal service on Samir was unsuccessful. The Objections on such grounds are overruled.

Similarly, Samir's argument that there would be no prejudice to the Plaintiff if the Clerk's default was lifted is meritless. He argues in essence that because there are two other Defendants "in the case" from who a recovery could be made, there is no prejudice if he were not potentially subject to liability. That contention ignores the reality that should it turn out that he would be found liable on the merits, and the other Defendants were not, his absence would make a very big difference in terms of recovery by the Plaintiffs, as it would if damages assessed as to the other Defendants turn out to be uncollectible. On top of that is Samir's seventeen (17) month delay in raising the issues he now places before the Court. The R&R was plainly correct in assessing the prejudice issue and concluding that it cuts substantially against the granting the Motion. The Objections on such grounds are overruled.

**Based on the Court's consideration of the R&R and the Objections and responses to them, and upon *de novo* consideration of the Motion and the supporting and opposition papers, along with the record in this action, the Court concludes that the recommendations of the R&R are correct, the Objections are OVERRULED, the R&R (ECF No. 35) is adopted as the Opinion of the Court, and the Motion at ECF No. 29 is DENIED.**

The action is referred back to Judge Lenihan for all further pretrial proceedings.

 s/ Mark R. Hornak
Mark R. Hornak
Chief United States District Judge

Dated:  March 29, 2021

cc:      All counsel of record

4