UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAYMOND BALESTRA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CLOUD WITH ME LTD., GILAD SOMJEN, and ASAF ZAMIR,<br><br>Defendants. | Case No. 2:18-cv-00804-MRH-LPL<br><br>CLASS ACTION |

[~~PROPOSED~~] FINAL JUDGMENT

WHEREAS, on January 26, 2022 Lead Plaintiff, on behalf of himself and the Class, entered into a Stipulation and Agreement of Settlement (the "Stipulation") with the Settling Defendants (collectively, with Lead Plaintiff, the "Settling Parties"), which has been filed with the Court;

WHEREAS, on April 21, 2022, the Court entered its Order for Notice and Hearing, which conditionally certified the Class for settlement purposes only, and approved the issuance of postcard notice to the Class (which included, *inter alia*, notice of the proposed Settlement, notice of the time, date and location of the Settlement Fairness Hearing to be held before this Court on July 26, 2022 notice of each putative class member's rights to object to the Settlement or to seek exclusion from the Class, as well as the website for the Notice of Pendency and Proposed Settlement of Class Action ("Notice") and Proof of Claim);

WHEREAS, said Notice was duly issued, Lead Plaintiff has moved for final approval of the Settlement, and the Court has conducted the Settlement Fairness Hearing, all in accordance with the Court's prior Order for Notice and Hearing;

1

WHEREAS, all interested Persons have been afforded the opportunity to be heard at the Settlement Fairness Hearing and/or in writing, as provided for in the Notice; and

WHEREAS, this Court has duly considered Lead Plaintiff's motion for final approval of the Settlement, the affidavits, declarations and memoranda of law submitted in support thereof, and all of the submissions and arguments presented with respect to the proposed Settlement (including those presented at the Settlement Fairness Hearing) to determine if the Settlement and the terms and provisions of the Stipulation are fair, reasonable and adequate, and whether a Final Judgment should be entered in this Action based upon the Stipulation;

NOW THEREFORE, after due deliberation, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used in this Judgment that are not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction of the subject matter of this Action and over all of the Settling Parties and all Class Members.

3. All the requirements of settlement class certification under Rule 23 of the Federal Rules of Civil Procedure are met, and therefore this Action is properly maintained as a class action for purposes of settlement only and the Class is properly certified. The Class is defined as:

> [A]ll all persons or entities that purchased or otherwise acquired CLD Tokens directly from Cloud With Me, Ltd. between July 25, 2017 through June 19, 2018, inclusive, while located within the United States at the time of their transaction(s), and that were allegedly damaged thereby. Excluded from the Class are: the Defendants; all current or former officers or directors of Cloud With Me, Ltd., its affiliates, parents or subsidiaries; any corporation, trust or other entity in which any Settling Defendant has or had a

controlling interest; the members of the immediate families of the Defendants; the parents, subsidiaries and affiliates of Cloud With Me, Ltd.; and the legal representatives, heirs, successors, or assigns of any excluded Person. Also excluded from the Class will be any Person who has timely and validly sought exclusion from the Class in accordance with the requirements of the Notice.

4. With respect to the Class, for purposes of the Settlement only, the Court affirms its earlier preliminary findings in the Order for Notice and Hearing, and hereby finally finds and determines that: (a) the Class Members are so numerous that their joinder in the Action is impracticable; (b) there are questions of law and fact common to the Class; (c) Lead Plaintiff's claims are typical of the claims of the Class Members; (d) Lead Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of the Class Members; (e) the questions of law or fact, common to the members of the Class, predominate over any questions affecting only individual members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5. The form, content, and method of dissemination of Notice given to the Class was adequate and reasonable and constituted the best notice practicable under the circumstances.

6. Notice, as given, (a) complied with the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Securities Act of 1933, as amended by the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §77z-1(a)(7), and the provisions of this Court's Order for Notice and Hearing, and (b) satisfied the requirements of due process, and (c) otherwise constituted due and sufficient notice to the Class of the matters set forth herein.

7. The proposed Settlement of the Action as to the Settling Parties on the terms and conditions set forth in the Stipulation is fair, reasonable and adequate, and in the best interests of the Class, and they shall be consummated in accordance with the terms and

provisions of the Stipulation. In making this determination, the Court has considered both the process by which the Settlement was negotiated and the substantive fairness of the agreed-upon terms in light of the circumstances of the litigation. More specifically:

(a) The Court finds that the Settlement was negotiated vigorously and at arm's-length by the Settling Parties and their experienced counsel and that the Stipulation has been entered into in good faith and is not collusive.

(b) The Court has evaluated the Settlement under the factors set forth by the Third Circuit in *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975) and expanded upon in *In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 148 F.3d 283, 323 (3d Cir. 1998): (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the Defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation; (10) the maturity of the underlying substantive issues, as measured by experience in adjudicating individual actions, the development of scientific knowledge, the extent of discovery on the merits, and other factors that bear on the ability to assess the probable outcome of a trial on the merits of liability and individual damages; (11) the existence and probable outcome of claims by other classes and subclasses; (12) the comparison between the results achieved by the settlement for individual class or subclass members and the results achieved—or likely to be achieved—for other claimants; (13) whether class or subclass members are accorded the right to opt out of

the settlement; (14) whether any provisions for attorneys' fees are reasonable; and (15) whether the procedure for processing individual claims under the settlement is fair and reasonable. Based on its analysis of these factors, both individually and in the aggregate, the Court finds that the Settlement is substantively fair, reasonable, and adequate and in the best interests of the Class. The Court takes no position on the merits of either Lead Plaintiff's claims or Settling Defendants' asserted defenses to liability, but notes that their respective arguments on such matters provide further evidence in support of the fairness, reasonableness and adequacy of the Settlement.

8. The Court finds that (i) adequate notice has been given to all persons of the Settlement Fund; and (ii) the Court is expressly authorized by law to grant such approval.

9. The Class Action Complaint, filed on June 19, 2018, ECF No. 1, is hereby dismissed with prejudice as to all Settling Defendants, and without costs to any Settling Party, except as otherwise provided in the Stipulation.

10. The Court further finds that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

11. Upon the Effective Date of the Settlement, Lead Plaintiff and all Class Members, on behalf of themselves and each of the Releasing Parties: (a) shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally, and forever waived, released, relinquished, and discharged all Settled Claims, regardless of whether such Class Member executes and delivers a Proof of Claim; (b) shall forever be enjoined from instituting, commencing, assisting (unless required by subpoena or other operation of law), maintaining or prosecuting any Settled Claim; and (c) agree and covenant not to sue any of the Released

Parties on the basis of any Settled Claims or to assist any third-party in commencing or maintaining any suit related to any Settled Claims.

12. Upon the Effective Date of the Settlement, each of the Settling Defendants and the Released Parties: (a) shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally, and forever released and discharged each and all of the Released Plaintiff Parties from each and every one of the Settled Defendants' Claims; (b) shall forever be enjoined from instituting, commencing, assisting, maintaining or prosecuting the Settled Defendants' Claims; and (c) agree and covenant not to sue any of the Released Plaintiff Parties on the basis of any Settled Defendants' Claims or to assist any third-party in commencing or maintaining any suit against the Released Plaintiff Parties related to any Settled Defendants' Claims.

13. All Class Members who have not made their objections to the Settlement in the manner provided in the Notice are deemed to have waived any objections by appeal, collateral attack, or otherwise.

14. All Class Members who have failed to properly file a Request for Exclusion (a/k/a a request to opt-out) from the Class are bound by the terms and conditions of the Stipulation and this Final Judgment and release and forever discharge the Released Parties from all Settled Claims as provided in the Stipulation and herein. A list of all Persons, if any, who have validly and timely filed a Request for Exclusion is attached hereto as Exhibit 1.

15. Upon the Effective Date of the Settlement, all Releasing Parties shall be forever barred and permanently enjoined from instituting, commencing, assisting (unless required by subpoena or other operation of law), maintaining, or prosecuting in any court or tribunal any of the Settled Claims against any Released Party.

16. Upon the Effective Date of the Settlement, all Released Parties are hereby barred

and permanently enjoined from instituting, commencing, assisting, maintaining, or prosecuting in any court or tribunal any of the Settled Defendants' Claims against any of the Released Plaintiff Parties.

17.     Each Class Member, whether or not such Class Member executed and delivered a Proof of Claim, is bound by this Judgment, including, without limitation, the release of claims as set forth in the Stipulation.

18.     Each of the Released Parties, by virtue of this Final Judgment, is hereby discharged from all claims for contribution, by any person or entity, arising out of the Action or the Settled Claims. Accordingly, the Court hereby bars all claims for contribution arising out of the Action: (a) against any Settling Defendant by any Person or entity; and (b) by any Settling Defendant against any Person or entity. However, nothing herein shall release, discharge or waive in any respect any rights or claims of any Settling Defendant or the Released Parties against their insurers (or their insurers' subsidiaries, predecessors, successors, assigns, affiliates, or representatives), and nothing herein constitutes or reflects a waiver or release of any rights or claims relating to indemnification, advancement, or any undertakings by an indemnified party to repay amounts advanced or paid by way of indemnification or otherwise.

19.     The Plan of Allocation set forth in the Notice is approved as fair and reasonable, and Lead Counsel is directed to arrange for the administration of the Settlement in accordance with its terms and provisions. Any modification or change in the Plan of Allocation that may hereafter be approved shall in no way disturb or affect this Final Judgment or the releases provided hereunder and shall be considered separate from this Final Judgment.

20.     The administration of the Settlement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any Person to participate in

the distribution of the Net Settlement Fund, shall remain under the authority and jurisdiction of this Court.

21. Without any further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

22. The Court shall enter a separate order regarding the Fee and Expense Application. Such order shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

23. The Court hereby decrees that neither the Stipulation nor this Final Judgment nor the fact of the Settlement is an admission or concession by the Released Parties, or any of them, of any liability or wrongdoing. This Final Judgment is not a finding of the validity or invalidity of any of the claims asserted, or defenses raised in the Action. Neither the Stipulation nor this Final Judgment nor the fact of Settlement, nor the settlement proceedings, nor the settlement negotiations, nor any related documents shall be offered or received in evidence as an admission, concession, presumption, or inference against any of the Released Parties in any proceeding, other than such proceedings as may be necessary to consummate or enforce the Stipulation, or in an action or proceeding to determine the availability, scope, or extent of insurance coverage (or reinsurance related to such coverage) for the sums expended for the Settlement and defense of this Action.

24. In the event the Settlement is terminated in accordance with its terms, is vacated, is not approved, or the Effective Date fails to occur for any reason: (a) this Final Judgment shall be rendered null and void and shall be vacated *nunc pro tunc* to the extent provided by and in accordance with the Stipulation; (b) all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation;

and (c) this Action shall proceed as provided in the Stipulation.

25. Without affecting the finality of this Judgment in any way, the Court hereby retains continuing jurisdiction over: (a) implementation of the Stipulation and this Final Judgment; (b) the allowance, disallowance or adjustment of any Class Member's claim on equitable grounds, and any award or distribution of the Settlement Fund; (c) disposition of the Settlement Fund; (d) hearing and determination of applications for attorneys' fees, costs, interest and reimbursement of expenses in the Action; (e) all Settling Parties for the purpose of construing, enforcing and administering the Settlement and this Judgment; and (f) other matters related or ancillary to the foregoing.

26. There is no just reason for delay in the entry of the Judgment, and immediate entry thereof by the Clerk of Court is expressly directed.

Dated: July 26, 2022

_____
HON. MARK R. HORNAK
CHIEF U.S. DISTRICT COURT JUDGE

9